UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | No. 16-CV-5173 (KMK) <br><br> ORDER |

KENNETH M. KARAS, United States District Judge:

Nuance Communications, Inc. ("Nuance") brings this Action against International Business Machines Corporation ("IBM") alleging breach of contract and breach of the implied covenant of good faith and fair dealing. On March 28, 2019, the Court issued an Opinion & Order (the "Opinion") denying Nuance's Motion for Summary Judgment and granting in part and denying in part IBM's Motion for Summary Judgment. (*See* Opinion (Dkt. No. 146).) The Court issued the Opinion under seal and directed that the Parties "submit a proposed redacted version of this Opinion for public filing." (*Id.* at 31.) The Parties have since submitted a proposed redacted Opinion containing numerous proposed redactions. (*See* Letter of Hope Skibitsky, Esq. to Court (Apr. 18, 2019).) Indeed, the Parties appear to have proposed redacting every instance in which the Court quotes the Parties' internal statements (e.g., emails between employees) as well as every instance in which the Court quotes deposition testimony.

Judicial documents, such as the Court's March 28, 2019 Opinion, "are presumptively public so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of justice." *Bernstein v. Bernstein Litowitz Berger & Grossman*

*LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quotation marks omitted) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "The presumption of access to judicial records is secured by two independent sources: the First Amendment and the common law." *Id.* (quotation marks omitted) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). The First Amendment presumption may be overcome only if the Court makes "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "Broad and general findings" and "conclusory assertion[s]" are insufficient to justify deprivation of public access to the record. *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The common law presumption of access may be overcome where the Court, having determined the weight of the presumption, "balance[s] competing considerations against it," which include "the danger of impairing . . . judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

Accordingly, the Parties are directed to show cause, by no later than May 6, 2019, as to why the proposed redacted Opinion is consistent with the First Amendment and common law rights of access.

Should the Parties additionally decide to submit a revised proposed redacted Opinion, they may do so.

The Court will hold a Status Conference on Tuesday, May 7, 2019, at 2:00 p.m.

SO ORDERED.

Dated: April 24, 2019
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

2