IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Nuance Communications, Inc., | : | CIVIL ACTION |
| | : | NO. 16-5173 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| International Business Machines Corporation, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this **13th** day of **February, 2020,** after considering Nuance's Motion to Strike Improper Testimony of Thomas J. Eggebraaten (ECF No. 174), Nuance's Memorandum of Law in Support of Motion to Strike Improper Testimony of Thomas J. Eggebraaten (ECF No. 175), and IBM's Memorandum of Law in Opposition of Motion to Strike Improper Testimony of Thomas J. Eggebraaten (ECF No. 179), it is hereby **ORDERED** that Nuance's Motion to Strike Improper Testimony of Thomas J. Eggebraaten (ECF No. 175) is **DENIED**.[1] It is **FURTHER ORDERED** that Nuance shall be **GRANTED LEAVE TO DEPOSE** Thomas J. Eggebraaten.

---

[1] The motion is denied because the alleged Rule 26 violation is harmless in light of the subject of the witness's testimony and the opportunity Nuance will have to depose the witness. The Court may exclude the testimony of a witness that a party failed to disclose as required by Rule 26, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. Exclusion of evidence is disfavored. Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002). A failure to disclose "is harmless 'when there is no prejudice to the party entitled to the disclosure.'" Preuss v. Kolmar Labs., Inc., 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (quoting Am. Stock Exch., 215 F.R.D. at 93). Here, Nuance claims it is prejudiced by the alleged violation because it would have sought discovery of documents and a deposition of the witness. But Nuance knew that IBM would be introducing evidence, including testimony, at trial about the subject of the undisclosed

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*

---

witness's testimony. And Nuance will now have the opportunity to depose the witness weeks before he gives his live testimony. Thus, Nuance is not prejudiced by the timing of IBM's disclosure of this witness because the substance of the testimony is not new evidence and Nuance can prepare for the testimony by deposing the witness. See Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence.").