```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF NEW YORK

Nuance Communications, Inc.,   :    CIVIL ACTION
                               :    NO. 16-5173
        Plaintiff              :
     v.                        :
                               :
International Business         :
Machines Corporation,          :
                               :
        Defendant.             :
```

**ORDER**

**AND NOW**, this **13th** day of **February, 2020,** after considering IBM's Motion to Strike Hearsay Testimony (ECF No. 208), IBM's Memorandum of Law in Support of Motion to Strike Hearsay Testimony (ECF No. 209), Nuance's Memorandum of Law in Opposition to Motion to Strike Hearsay Testimony (ECF No. 219), and IBM's Motion to File Reply in Support of Motion to Strike Hearsay Testimony (ECF No. 222), it is hereby **ORDERED** that IBM's Motion to Strike Hearsay Testimony (ECF No. 208) is **GRANTED.**[1] It

---

[1] IBM moves to exclude three statements by Nuance's witnesses (Ricci, Bloom, and McCann) in their direct testimony declarations, arguing that the statements are hearsay. All three statements are the same in that the witnesses are testifying that other people told them that IBM had assured these other people that Nuance would be receiving updates. These statements constitute hearsay within hearsay. The witnesses want to testify about what someone else said (first out of court statement) that IBM said (second out of course statement). Nuance argues that the statements are not hearsay under Rule 801(d)(2) and are not hearsay because they are not offered for the truth of the matter asserted, and it also argues that the exceptions in Rules 803(3) and 804(b)(1) render the statements admissible.

Hearsay within hearsay is admissible only "if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. While some of Nuance's arguments render IBM's statements (i.e. one portion of the hearsay within hearsay) admissible, none of the arguments render the other individuals' statements admissible, thus each of the three combined statements are inadmissible.

is **FURTHER ORDERED** that consistent with Nuance's Letter (ECF No. 221), the Declaration of Jeanne McCann is **STRICKEN.**

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*

---

Most of Nuance's arguments only solve half of the hearsay within hearsay problem in these statements. Beginning with Rule 801(d)(2), IBM's statements are considered not hearsay by this rule, but the statements made by others, unaffiliated with IBM, are not affected by this Rule. Similarly, while the statements made by IBM are not offered for the truth of the matter asserted—they are offered only to prove that the statements were made—the statements made by other individuals are offered to prove the matter asserted because the statements assert what IBM allegedly said and they are offered to prove that IBM indeed said what the statements claim IBM said. Last, the Rule 803(3) exception renders IBM's statements admissible because they are statements about what IBM intended to do, but it does not render the statements of the other individuals admissible because these are statements about the individuals' memories or beliefs. See United States v. Cardascia, 951 F.2d 474, 487 (2d Cir. 1991) ("The exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule." (alterations in original)).

And Nuance's Rule 804(b)(1) argument does not apply here because none of the statements offered are statements made during a deposition or other testimony. See United States v. Jackson, 335 F.3d 170, 176 (2d Cir. 2003) ("Under Rule 804(b)(1), an unavailable witness's testimony from a prior hearing or proceeding is not barred by the hearsay rule . . . .").

2