```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF NEW YORK
```

Nuance Communications, Inc.,   :   CIVIL ACTION
                               :   NO. 16-5173
         Plaintiff             :
    v.                         :
                               :
International Business         :
Machines Corporation,          :
                               :
         Defendant.            :

**ORDER**

**AND NOW**, this **12th** day of **March, 2020,** after considering Nuance's Letter Objection to Untimely Hicks Declaration (ECF No. 189), IBM's Letter Opposition to Nuance's Motion to Strike Hicks Rebuttal Declaration (ECF No. 192), Nuance's Letter Reply in Support of Nuance's Objection to Hicks Declaration (ECF No. 194), and IBM's Letter Reply in Opposition to Nuance's Objection to Hicks Declaration (ECF No. 195), it is hereby **ORDERED** that:

    1. The Objection to Hicks's Second Declaration is

        **OVERRULED;**[1] and

---

[1] The objection seeks the exclusion of certain expert testimony by way of written declaration in lieu of live direct testimony. It is not about the exclusion of expert reports. All witness declarations were due by August 14, 2019. IBM's submission of a declaration on October 25, 2019, without leave of the Court, is untimely. But because Nuance will not be unfairly prejudiced and the evidence is important to the key issues in the case, Hicks's Second Declaration will not be excluded. Instead, the Court will afford Nuance an opportunity for surrebuttal of Hicks's second declaration by way of live expert testimony by Schnell.
    A court may impose sanctions, including the sanction of exclusion of testimony, for a party's failure to comply with a pretrial order. Fed. R. Civ. P. 16(f); see also Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc., 301 F.R.D. 31, 35 (S.D.N.Y. 2014). To determine whether evidence will be excluded for failure to comply with a pretrial order, the Court considers

"(1) the party's explanation for the failure to comply with the [court] order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997); see also Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006). And, contrary to IBM's argument, bad faith, while considered, is not required for a court to exclude evidence for a party's failure to comply with a court order. Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006). That being said, "preclusion is not generally ordered." Atkins v. Cty. of Orange, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005), aff'd on other grounds sub nom. Bellotto v. Cty. of Orange, 248 F. App'x 232 (2d Cir. 2007).

The Court applies the Softel factors as follows:

First, as to factor number one, IBM's explanation weighs in favor of precluding the evidence. Its explanation for noncompliance is that Hicks needed to see Schnell's declaration before preparing a rebuttal declaration. This explanation is unsatisfactory because Hicks had access to Schnell's expert report. And to rebut Schnell, Hicks only needed Schnell's expert report because Schnell, as an expert, is only allowed to testify about matters included in his expert report. See Fed. R. Civ. P. 26(a)(2)(B)(providing that an expert report must contain all opinions to be offered at trial, the information used to form the opinions, and the exhibits that support the opinions); Complaint of Kreta Shipping, S.A., 181 F.R.D. 273, 275 (S.D.N.Y. 1998) ("Expert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1) . . . ."). Therefore, the substance of Schnell's proposed testimony was not novel and was available to Hicks. This is true even though summary judgment was granted on one of the counts because it was only granted on the basis that the count was duplicitous. But IBM's explanation, although not satisfactory, does show that IBM was not acting in bad faith.

Second, as to factor number four, the impracticability of a continuance weighs toward precluding the evidence. Although a continuance is possible, it would be highly disruptive because it is the eve of the second phase of the trial and the first phase of the trial has been completed. This litigation has been ongoing for almost four years, the parties, the witnesses, and the Court have cleared their schedules to hold trial on March 16th, and the efficient administration of justice would be frustrated by a further continuance.

Third, as to factor number two, the importance of Hicks's second declaration weighs against precluding the evidence. The testimony in Hicks's second declaration is of great importance to this case. Indeed, Hicks's second declaration elaborates on the general opinions included in Hicks's first declaration, provides details applying the general opinions to the specific software at issue, and responds directly to the opinions in Schnell's declaration. The second Hicks declaration goes to the heart of the case, i.e., what is an update to DeepQA. Thus, this factor weighs heavily against exclusion.

Fourth, as to factor number three, the lack of unfair prejudice to Nuance weighs against precluding the evidence. Nuance is not surprised and thus will not be unfairly prejudiced by having to prepare to cross examine Hicks on his second declaration, instead of only his first declaration. Both declarations are grounded on the same opinions and cover the same subject matter. In fact, the substance of Hicks's second declaration was provided to Nuance in Hicks's expert report. See Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) ("However, to the extent that an expert affidavit is within the scope of the initial expert

2

2. Nuance is **GRANTED LEAVE** to call its expert witness for a surrebuttal.

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,    J.*

---

report, it is properly submitted in conjunction with dispositive motions even outside the time frame for expert discovery."). And Nuance has had Hicks's second declaration for four months, giving Nuance ample time to prepare to cross examine Hicks on his second declaration.

In sum, weighing the factors above, the Court concludes that the importance of the evidence and the lack of unfair prejudice to Nuance outweigh IBM's unsatisfactory explanation and the impracticability of a continuance. To ensure the mitigation of any potential unfair prejudice to Nuance, the Court will allow Nuance to recall Schnell at the conclusion of Hicks's testimony for a live surrebuttal of Hicks's second declaration.