IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NUANCE COMMUNICATIONS, INC.,           :    CIVIL ACTION
                                       :    NO. 16-5173
          Plaintiff,                   :
                                       :
     v.                                :
                                       :
INTERNATIONAL BUSINESS MACHINES        :
CORP.,                                 :
                                       :
          Defendant.                   :


ORDER MEMORANDUM

EDUARDO C. ROBRENO, J.                       February 16, 2021


     AND NOW, this **16th** day of **February, 2021,** upon
consideration of certain pieces of evidence offered by the
parties during trial, which the Court admitted subject to
motions to strike, **IT IS HEREBY ORDERED** as follows:

     This is a contract case under New York law. The case was
tried non-jury. Currently before the Court is the admissibility
of certain pieces of evidence that the Court admitted subject to
motions to strike. Principally, the parties dispute the
admissibility of several pieces of extrinsic evidence. Extrinsic
evidence includes (1) "the acts and circumstances surrounding
execution of the ambiguous term," (2) "conversations,
negotiations and agreements made prior to or contemporaneous
with the execution of a written [agreement]," and (3) "the

parties' course of conduct throughout the life of the contract."
GE Funding Cap. Mkt. Servs., Inc. v. Neb. Inv. Fin. Auth., No.
15-1069, 2017 WL 2880555, at *4 (S.D.N.Y. July 6, 2017)
(alteration in original), aff'd, 767 F. App'x 110 (2d Cir.
2019).

### 1. IBM's Motion to Strike

IBM moves to strike several statements made by Nuance's
witnesses because they contain hearsay, are not based on
personal knowledge, or are irrelevant. IBM's Mot. Strike, ECF
No. 235. Nuance responds that IBM has waived these objections by
not raising them during trial. Nuance's Resp. to Mot. Strike,
ECF No. 240. IBM did not forfeit the objections raised in this
motion to strike by not raising them at trial because the Court
indicated that it would allow evidence to come into the record
subject to motions to strike. Ex. Objs. Order, ECF No. 225; see
United States v. Asare, No. 15-cv-3556, 2019 WL 10854305, at *3
(S.D.N.Y. June 17, 2019) ("[T]he law favors admission of
evidence in non-jury trials[,] and [the Court's] own practice
for bench trials is to take evidence subject to a subsequent
motion to strike" (quoting Refinement Int'l Co. v. Eastbourne
N.V., 815 F. Supp. 738, 740 (S.D.N.Y. 1993)), aff'd, 25 F.3d 105
(2d Cir. 1994).

### a. Meaning of the SLA

IBM's motion is denied in part as it relates to statements by Nuance executives about Nuance's pre-contractual (or contemporaneous with execution) expectations of the meaning of the SLA, see Petro Decl. ¶ 11; Trial Tr. 107:10-108:18, 108:23-109:10, Feb. 18, 2020; Bloom Decl. ¶ 27, and granted in part as it relates to statements concerning Nuance's post-contractual understanding of the meaning of certain clauses in the SLA, see Petro Decl. ¶¶ 14-15. The pre-contractual statements are not offered for the truth of the matter, but to demonstrate Nuance executives' purpose in entering into the agreement. See United States v. Leonard-Allen, 739 F.3d 948, 954 (7th Cir. 2013). These statements tend to show that Nuance's primary purpose in the deal was to obtain commercially usable code and this purpose was communicated to IBM. Thus, these statements are relevant in construing the contract. See Restatement (Second) of Contracts § 202 (Am. L. Inst. 1981); accord Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of N.J., 706 F. Supp. 2d 350, 359 (S.D.N.Y. 2009). Accordingly, the Court will rule on each specific statement as follows:

| Statement | Ruling on IBM's motion | Rationale |
|---|---|---|
| Petro Decl. ¶ 11 | Denied | Non-hearsay (pre-contractual/contemporaneous understanding); relevant |

| Trial Tr. 107:10-108:18, Feb. 18, 2020 | Denied | Non-hearsay (pre-contractual/contemporaneous understanding); relevant |
|---|---|---|
| Trial Tr. 108:23-109:10, Feb. 18, 2020 | Denied | Non-hearsay (pre-contractual/contemporaneous understanding); relevant |
| Bloom Decl. ¶ 27 | Denied | Non-hearsay (pre-contractual/contemporaneous understanding); relevant |
| Petro Decl. ¶ 14 | Granted | Post-contractual understanding |
| Petro Decl. ¶ 15 | Granted | Post-contractual understanding |

### b. Updates and failure to commercialize DeepQA

IBM's motion is granted as it relates to statements about the updates that were provided to Nuance and Nuance's failure to commercialize because the witnesses were not qualified as experts to provide an opinion as to why Nuance was unable to commercialize based on the updates they were provided. See Trial Tr. 579:13-16, Feb. 20, 2020; Ricci Decl. ¶¶ 31-32, 34. Accordingly, the Court will rule on each specific statement as follows:

| Statement | Ruling on IBM's motion | Rationale |
|---|---|---|
| Trial Tr. 579:13-16, Feb. 20, 2020[1] | Granted | Not qualified as an expert |
| Ricci Decl. ¶ 31 | Granted | Not qualified as an expert |
| Ricci Decl. ¶ 32 | Granted | Not qualified as an expert |

---

[1]   To the extent the Court's current ruling is inconsistent with the prior ruling during trial, see Trial Tr. 574-579, Feb. 20, 2020, the current ruling supersedes the prior ruling. The prior ruling to the contrary has now been revisited and is overruled.

| Ricci Decl. ¶ 34 | Granted | Not qualified as an expert |

### c. **IBM's assurances**

IBM's motion is granted as it relates to statements by Nuance witnesses that IBM assured Nuance it was receiving and would receive all updates. See Petro Decl. ¶ 19; Bloom Decl. ¶ 35. These statements are hearsay within hearsay because the witnesses are testifying about what others at Nuance said IBM said, and the second level is not admissible under any exception. These statements are offered for the truth of the matter asserted—i.e., that IBM assured Nuance it would receive all updates. Accordingly, the Court will rule on each specific statement as follows:

| Statement | Ruling on IBM's motion | Rationale |
|---|---|---|
| Petro Decl. ¶ 19 | Granted | Hearsay |
| Bloom Decl. ¶ 35 | Granted | Hearsay |

### d. **Meaning of prior agreement**

IBM's motion is denied in part as to statements about the parties' understanding before or at the time they entered into the SLA concerning the meaning of the prior RTTS (Real Time Translation Services), see Bloom Decl. ¶ 22; Trial Tr. 231:6-8, Feb. 19, 2020. These statements are not hearsay and are relevant because they tend to show Nuance's pre-contractual or contemporaneous understanding of the SLA since the parties

considered and took some language from the RTTS and incorporated it into the SLA.

However, IBM's motion is granted in part as to the statement about Nuance's understanding of the RTTS after the SLA was entered into, see Petro Decl. ¶ 17. Accordingly, the Court will rule on each specific statement as follows:

| Statement | Ruling on IBM's motion | Rationale |
|---|---|---|
| Bloom Decl. ¶ 22 | Denied | Non-hearsay (pre-contractual/contemporaneous understanding); relevant |
| Trial Tr. 231:6-8, Feb. 19, 2020 | Denied | Non-hearsay (pre-contractual/contemporaneous understanding); relevant |
| Petro Decl. ¶ 17 | Granted | Post-contractual understanding |

### 2. IBM's Motion to Admit Exhibits

IBM's motion to admit three exhibits into evidence (DX-14, DX-70, and DX-116), consisting of emails where Nuance employees refer to IBM Research (as opposed to referring to IBM), is granted. The exhibits are admitted because there is sufficient circumstantial evidence for a reasonable jury to conclude these exhibits are what they purport to be: emails between Nuance employees internally, and emails between Nuance employees and IBM employees. Accordingly, the Court will rule on each specific exhibit as follows:

| Statement | Ruling on IBM's motion | Rationale |
|-----------|------------------------|-----------|
| DX-14 | Granted | Properly authenticated |
| DX-70 | Granted | Properly authenticated |
| DX-116 | Granted | Properly authenticated |

### 3. Proffers of Admissions

Both parties proffer 30(b)(6) deposition testimony as corporate admissions.[2] To the extent this testimony is admitted, it will constitute the testimony of the designating corporation, but it is not conclusive on an issue and can be contradicted or explained by other testimony. See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 212 (E.D. Pa. 2008) ("[T]estimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party." (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103 (Supp. 2007))); accord A & E Prods. Grp., L.P. v. Mainetti USA Inc., No. 01-cv-10820, 2004 WL 345841, at *7 (S.D.N.Y. Feb. 25, 2004).

### a. Nuance's Proffers

Nuance proffers the 30(b)(6) deposition testimony of two IBM witnesses, Mr. Reardon and Mr. Brown. IBM only objects to a portion of the Brown testimony. See Brown Dep. 208:21-209:4.

---

[2]     The Court notes that a recent amendment to Rule 30(b)(6) of the Federal Rules of Civil Procedure, requiring parties to meet and confer about the scope of 30(b)(6) witness designations, will hopefully obviate similar disputes in the future.

This objection is sustained and the testimony will be excluded
as outside the scope of Brown's designation to testify on the
topic of the division of DeepQA source code within IBM.
Accordingly, the Court will rule on each proffer as follows:

| Statement | Ruling on Nuance's Proffers | Rationale |
|---|---|---|
| Reardon Dep. | Admitted | Within scope |
| Brown Dep. 94:17-96:4 | Admitted | Within scope |
| Brown Dep. 208:21-209:4 | Excluded | Outside scope |

IBM's counter-designations for Reardon's testimony will also be
admitted.

### b.  **IBM's Proffers**

IBM proffers the 30(b)(6) deposition testimony of two
Nuance witnesses.[3] See McCann Dep.; Stubley Dep. All the
testimony not challenged as outside the scope of the 30(b)(6)
designation is admitted, together with the counter-designations
provided by Nuance. Additionally, Nuance's objections to several
pieces of testimony as outside the scope of the relevant
30(b)(6) designation are overruled because none of the testimony
is outside the scope of the relevant 30(b)(6) designation.
Accordingly, the Court will rule on each proffer as follows:

| Statement | Ruling on IBM's Proffers | Rationale |
|---|---|---|

---

[3]   The parties' arguments are largely about the proper characterization of
the testimony, and to the extent there are disputes about what the testimony
says, they will be resolved, to the extent they are relevant, in the findings
of fact.

| | | |
|---|---|---|
| McCann Dep. | Admitted | Within scope |
| Stubley Dep. | Admitted | Within scope |

## 4. Other Outstanding Objections

There are several outstanding objections to exhibits (PX054, PX090, PX114, PX138, PX151, and DX010) and testimony (McCann Dep. 167:6-14, 236:21-237:04). To the extent the outstanding objections are made on the basis of relevance, foundation, or completeness, the objections are overruled. See Exs. Objs. Order, ECF No. 225. To the extent the objections are made on another basis, the Court rules on those objections as follows:

| Statement | Ruling on Objection | Rationale |
|---|---|---|
| PX054 | Sustained | Hearsay |
| PX090 | Overruled | Non-hearsay; opposing party statement |
| PX114 | Sustained | Hearsay within hearsay |
| PX138 | Sustained | Hearsay |
| PX151 | Overruled | Non-hearsay; opposing party statement |
| DX010 | Overruled | Non-hearsay; shows state of mind |
| McCann Dep. 167:6-10, 167:12-14 | Overruled | Not speculative |
| McCann Dep. 167:10-12 ("and I believe Paul Ricci said this to Manoj Saxena as well") | Sustained | Speculative |
| McCann Dep. 236:21-237:04 | Sustained | Leading question |

9

**AND IT IS SO ORDERED.**

DATE:  __2/16/2021_____

_Eduardo C. Robreno_
EDUARDO C. ROBRENO